UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19- 01222 |
| ) | |
| $79,500.00 IN UNITED STATES ) | |
| CURRENCY, More or less, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Colin Wood, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: $79,500.00 in U.S. Currency, more or less (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

### THE DEFENDANT IN REM

2. The defendant property consists of: $79,500.00 in United States currency, more or less, that was seized by the Kansas Highway Patrol on or about June 23, 2019 during a traffic investigation of a rented 2019 Nissan Sentra driven by Juan Escovedo Jr. on I-70 at milepost 224

in Ellsworth County, in the District of Kansas. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

7. Supplemental Rule G(2)(f) requires this complaint to state *sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof*

*at trial.* Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

COLIN D. WOOD, #19800
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Fax (316) 269-6484

## DECLARATION

I, Shawn Herrman, Task Force Officer with the Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21 day of August, 2019.

TFO Shawn Herrman
DEA

**AFFIDAVIT**

I, Shawn Herrman, being first duly sworn, depose and states:

1. Affiant has been employed with the Kansas Highway Patrol (KHP) since January 2012, and has been cross-designated as a DEA Task Force Officer since June 2017. My duties include investigation of violations of the Controlled Substance Act, Title 21 of the United States Code and forfeitures thereto.

2. The information contained in this report is known to affiant through personal direct knowledge, and/or through a review of official reports prepared by other law enforcement personnel. This report is submitted in support of a federal forfeiture proceeding.

3. On June 23, 2019, Kansas Highway Patrol Trooper Dylan Frantz stopped for a traffic violation a rented Nissan Sentra on I-70 near milepost 224 in Ellsworth County, in the District of Kansas. The driver was identified as Juan ESCOVEDO Jr. and the passenger as Jane MONES. ESCOVEDO has a criminal history involving controlled substances.

4. Though their travel plans conflicted, MONES said that ESCOVEDO had flown from Las Vegas, Nevada to St. Louis, Missouri the day before the stop. MONES flew from Las Vegas, Nevada to St. Louis, Missouri earlier the morning of the stop. MONES said that they were then driving the rented car back to Henderson, Nevada.

5. During the event, the vehicle was searched. Trooper Frantz found $79,500.00 in U.S. currency wrapped in rubber bands inside of a suitcase, and approximately one ounce of marijuana.

6. Both occupants denied ownership of the currency, and ESCOVEDO told Troopers that he had found the currency in the bushes near a TGI Fridays restaurant in St. Louis. A photo on ESCOVEDO's cell phone depicted a large amount of currency; and, a text on the same phone concerned when someone was going to pick up money.

7. Later, at another location, a certified drug detection canine gave a positive indication to the odor of controlled substances coming from the $79,500.00.

8. Based on the information set out above, the Affiant has probable cause to believe that the $79,500.00 in U.S. currency seized by the Kansas Highway Patrol constitutes money, or other things of value furnished, or intended to be furnished, in exchange for a controlled substance or proceeds traceable to such an exchange, or was used, or intended to be used, to facilitate one or more violations of Title 21, U.S.C. § 841 et.seq. Accordingly, the property is subject to forfeiture pursuant to Title 21, U.S.C. §§ 853 and 881.

Shawn Herrman, TFO
DEA

Sworn to and subscribed before me this 21st day of August, 2019.

Notary Public

JASON R. WILKINS
Notary Public - State of Kansas
My Appt. Expires 07-28-2022